UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 20-cr-02044-H |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |
| ROBERTO CARLOS MARQUEZ, | |
| Defendant. | [Doc. No. 80.] |

On April 29, 2024, Defendant Roberto Carlos Marquez, proceeding pro se, filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821. (Doc. No. 40.) For the reasons set forth below, the Court denies Defendant's motion to reduce sentence.

**Background**

On July 14, 2020, the Government filed an indictment charging Defendant with a single count of importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. (Doc. No. 15.) The Court held a jury trial beginning on June 7, 2021. (Doc. Nos. 48-50.) On June 9, 2021, the jury returned a verdict finding Defendant guilty of the single count of importation of methamphetamine charged in the indictment. (Doc. No. 56.)

On November 8, 2021, the Court held a sentencing hearing. (Doc. No. 64.) At sentencing, the Court calculated Defendant's total offense level as 36 and his criminal

history category as II, resulting in a guidelines range of 210 to 262 months. The Court then applied a four-level downward departure pursuant to U.S.S.G. § 5K2.0, and the Court granted the Government's recommendation for a variance. (See Doc. No. 60 at 1 n.2.) The Court then sentenced Defendant to a custodial sentence of 87 months followed by three years of supervised release. (Doc. Nos. 64, 65.) The Court entered a judgment on November 8, 2021. (Doc. No. 65.)

On November 12, 2021, Defendant filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit. (Doc. No. 67.) On July 21, 2022, the Ninth Circuit affirmed the Court's judgment and sentence. See United States v. Marquez, No. 21-50257, 2022 WL 2869787, at *1 (9th Cir. July 21, 2022). By the present motion, Defendant moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the new U.S.S.G. § 4C1.1. (See Doc. No. 80.)

## Discussion

### I.  Legal Standards

"'A federal court generally "may not modify a term of imprisonment once it has been imposed."'" United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021) (quoting Dillon v. United States, 560 U.S. 817, 819 (2010); 18 U.S.C. § 3582(c)); accord United States v. Tadio, 663 F.3d 1042, 1046 (9th Cir. 2011); see also United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions." United States v. Keller, 2 F.4th 1278, 1281 (9th Cir. 2021). One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

District courts must engage in a "two-step inquiry" to determine if a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). United States v. Brito, 868 F.3d 875, 879 (9th Cir. 2017) (citing Dillon, 560 U.S. at 826). "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10." Id. (citing Dillon, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" Id. The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" Id. (quoting United States v. Dunn, 728 F.3d 1151, 1157 (9th Cir. 2013)).

## II.  Analysis

In his motion, Defendant argues that he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the new U.S.S.G. § 4C1.1. (See Doc. No. 80.)

> The United States Sentencing Commission recently amended the Sentencing Guidelines to include what now appears in USSG § 4C1.1 ("zero-point provision"). See Amendment 821, Part B, Subpart 1. The zero-point provision provides a 2-offense-level reduction for certain offenders who present zero criminal history points and satisfy the criteria listed in USSG § 4C1.1(a). The United States Sentencing Commission made the zero-point provision retroactive beginning February 1, 2024.

United States v. Valenzuela, No. 114CR00188JLTSKO1, 2024 WL 281644, at *1 (E.D. Cal. Jan. 25, 2024).

The Court begins its analysis of Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) with the eligibility prong. "Under the eligibility prong, the district court must 'determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced . . . and shall leave all other guideline application decisions unaffected.'" Brito, 868 F.3d at 880 (quoting U.S.S.G. § 1B1.10(b)(1)).

U.S.S.G. § 4C1.1 provides a 2-level downward adjustment for certain zero-point offenders provided that the defendant meets certain specific criteria. See U.S.S.G. §

4C1.1(a). One of those criteria is that: "the defendant has not received any criminal history points." Id. (a)(1). At sentencing, in calculating Defendant's criminal history category, Defendant received two criminal history points for his 2012 felony conviction for embezzlement by employee in violation of California Penal Code § 508. (See Doc. No. 58 at 6, ¶¶ 26-28.) Because Defendant received these two criminal history points, he is ineligible for an adjustment under U.S.S.G. § 4C1.1. See, e.g., United States v. Martinez-Rodriguez, No. 3:13-CR-00452-HZ-1, 2024 WL 65141, at *2 (D. Or. Jan. 5, 2024) ("[Part B of Amendment 821] reduces the term of imprisonment for offenders who receive no criminal history points. U.S.S.G. § 4C1.1(a). But here, the PSR is clear that Defendant received three criminal history points. Accordingly, he is not eligible for a reduction to his sentence based on Part B of Amendment 821."); United States v. Perez, No. 117CR00007JLTSKO, 2024 WL 626940, at *1 (E.D. Cal. Feb. 14, 2024) (denying motion for sentence reduction based on § 4C1.1 where defendant had two criminal history points). Because Defendant is ineligible for a sentence reduction based on § 4C1.1, the Court denies his motion to reduce sentence under 18 U.S.C. § 3582(c)(2).

## Conclusion

For the reasons above, the Court denies Defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2). The Court orders the Clerk of Court to mail a copy of this order to Defendant at his listed address of record.

**IT IS SO ORDERED.**

DATED: May 2, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT